UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

PASTY ANN BUTTA and RONALD GONSALVES,

                                     Plaintiffs,

        -against-

CITY OF NEW YORK, ANDREW KINSELLA, CORNELIUS
BUCKLEY, RAYMOND WITTICK, NELVA CENTENO,
MICHAEL RIVERA, STEVEN SPOSITO, PAUL FAZIO,
HENRY CHERNYAVSKY, ROBERT HANSON, GEORGE BOAN
VINCENT ORSINI, JOSEPH RYAN, MICHAEL LOPRESTI,
JOHN BROOKS, SCOTT ZELINSKI, RACHEL CALZARETTA,
and JOHN and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                  Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

11 CV 2843 (BMC)

<u>Jury Trial Demanded</u>

Plaintiffs PASTY ANN BUTTA and RONALD GONSALVES, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **<u>Preliminary Statement</u>**

1.      Plaintiffs brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert supplemental state law claims.

## **<u>JURISDICTION</u>**

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff PASTY ANN BUTTA is a sixty-nine year old African American woman who resides in Staten Island, New York.

7.      Plaintiff RONALD GONSALVES is a fifty-one year old African American man who resides in Staten Island, New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants ANDREW KINSELLA, CORNELIUS BUCKLEY, CORNELIUS BUCKLEY, RAYMOND WITTICK, NELVA CENTENO, MICHAEL RIVERA, STEVEN SPOSITO, PAUL FAZIO, HENRY CERNYAVSKY, ROBERT HANSON, GEORGE BOAN, VINCENT ORSINI, JOSEPH RYAN, MICHAEL LOPRESTI, JOHN BROOKS, SCOTT ZELINSKI, RACHEL CALZARETTA, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of

2

said department and were acting under the supervision of said department and according to their official duties.

11.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

**FACTS**

13.     On July 2, 2009, at approximately 6:25 a.m., the defendant NYPD police officers broke the front door of 1075 Castleton Avenue, Apt. 3B, Staten Island, New York, and entered said location with firearms drawn.

14.     The defendant officers pointed their firearms at plaintiff BUTTA and ordered her off the couch she was sleeping on.

15.     Plaintiff BUTTA was clothed only in her underwear.

16.     A female officer handcuffed plaintiff BUTTA, escorted her to the bathroom where she was allowed to dress herself, and then escorted her to the living room of said location.

17.     The defendant officers pointed guns at plaintiff GONSALVES, placed handcuffs on his wrists, and escorted him to the living room of said location.

18.     The officers detained plaintiffs in the living room for approximately one half hour.

19.     Thereafter, the defendant officers imprisoned plaintiffs in a police vehicle for

3

approximately one and a half hours, before transporting plaintiffs to a police precinct.

20.     The defendant officers imprisoned plaintiffs until their arraignments, at approximately 4:35 p.m. on July 2, 2009, in Richmond County Criminal Court, on baseless charges filed under docket numbers 2009RI006509 and 2009RI006510; said charges having been filed based on the false allegations of defendant ANDREW KINSELLA.

21.     The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

22.     Over the course of the next eight months, the malicious prosecution compelled plaintiffs to return to Court approximately six times.

23.     On March 18, 2010, all of the purported charges levied against plaintiffs based on the false allegations of the defendants were dismissed and sealed in Richmond County Criminal Court.

24.     Upon information and belief, defendants ROBERT HANSON, a Deputy Inspector, and CORNELIUS BUCKLEY, a Sergeant, supervised defendants ANDREW KINSELLA, RAYMOND WITTICK, NELVA CENTENO, MICHAEL RIVERA, STEVEN SPOSITO, PAUL FAZIO, GEORGE BOAN, VINCENT ORSINI, JOSEPH RYAN, MICHAEL LOPRESTI, JOHN BROOKS, SCOTT ZELINSKI, RACHEL CALZARETTA, JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise presided over the defendants' false arrest and malicious prosecution of the plaintiffs.

25.     Upon information and belief, defendants ANDREW KINSELLA, CORNELIUS BUCKLEY, CORNELIUS BUCKLEY, RAYMOND WITTICK, NELVA CENTENO,

MICHAEL RIVERA, STEVEN SPOSITO, PAUL FAZIO, HENRY CERNYAVSKY, GEORGE BOAN, VINCENT ORSINI, JOSEPH RYAN, MICHAEL LOPRESTI, JOHN BROOKS, SCOTT ZELINSKI, RACHEL CALZARETTA, and JOHN and JANE DOE 1 through 10 directly participated in and/or otherwise failed to intervene in the illegal conduct described herein.

26.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiffs due to their race and/or nationality.

27.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the proper procedures for execution of search warrants and investigation of incidents; and, the treatment of innocent and/or uninvolved individuals who are found at the location of an execution of a search warrant.

28.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

29.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and

supervise them.

30.     As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

31.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33.     All of the aforementioned acts deprived plaintiffs PASTY ANN BUTTA and RONALD GONSALVES, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36.     Defendants, collectively and individually, while acting under color of state law,

6

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants arrested plaintiffs PASTY ANN BUTTA and RONALD GONSALVES without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

40.     Defendants caused plaintiffs PASTY ANN BUTTA and RONALD GONSALVES to be falsely arrested and unlawfully imprisoned.

41.     As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

42.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants initiated, commenced and continued a malicious prosecution against

plaintiffs PASTY ANN BUTTA and RONALD GONSALVES.

44.     Defendants caused plaintiffs PASTY ANN BUTTA and RONALD GONSALVES to be prosecuted without any probable cause until the charges were dismissed on or about March 18, 2010.

45.     As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

46.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants issued criminal process against plaintiffs PASTY ANN BUTTA and RONALD GONSALVES by causing their arrest and prosecution in Richmond County Criminal Court.

48.     Defendants caused plaintiffs PASTY ANN BUTTA and RONALD GONSALVES to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiffs' right to be free from malicious abuse of process.

49.     As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

50.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

52.     As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

53.     As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

54.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The defendants falsely arrested and maliciously prosecuted plaintiffs PASTY ANN BUTTA and RONALD GONSALVES because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

56.     As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES were deprived of their rights under the Equal Protection Clause of the United

9

States Constitution.

57.     As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD

GONSALVES are entitled to compensatory damages in amount to be fixed by a jury, and are

further entitled to punitive damages against the individual defendants in an amount to be fixed by

a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

58.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants had an affirmative duty to intervene on behalf of plaintiffs PASTY

ANN BUTTA and RONALD GONSALVES, whose constitutional rights were being violated in

their presence by other officers.

60.     The defendants failed to intervene to prevent the unlawful conduct described

herein.

61.     As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD

GONSALVES'S liberty were restricted for an extended period of time, they were put in fear of

their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

62.     As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD

GONSALVES are entitled to compensatory damages in amount to be fixed by a jury, and are

further entitled to punitive damages against the individual defendants in an amount to be fixed by

a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

63.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

10

paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.   The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65.   As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

66.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68.   The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs PASTY ANN BUTTA and RONALD GONSALVES' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline,

11

and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs PASTY ANN BUTTA and RONALD GONSALVES.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs PASTY ANN BUTTA and RONALD GONSALVES as alleged herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs PASTY ANN BUTTA and RONALD GONSALVES as alleged herein.

72.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES were unlawfully arrested, illegally searched, and maliciously prosecuted.

73.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs PASTY ANN BUTTA and RONALD GONSALVES' constitutional rights.

74.     All of the foregoing acts by defendants deprived plaintiffs PASTY ANN BUTTA

and RONALD GONSALVES of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from false arrest/unlawful imprisonment;

C.    To be free from the failure to intervene;

D.    To be free from malicious prosecution;

E.    To be free from malicious abuse of process;

F.    To receive equal protection under law.

75.    As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

76.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.    Within ninety (90) days after the claim herein accrued, plaintiff PASTY ANN BUTTA duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

78.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80.     Plaintiff PASTY ANN BUTTA has complied with all conditions precedent to maintaining the instant action.

81.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

82.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff PASTY ANN BUTTA.

84.     ʾDefendants caused plaintiff PASTY ANN BUTTA to be prosecuted without probable cause until the charges were dismissed on or about March 18, 2010.

85.     As a result of the foregoing, plaintiff PASTY ANN BUTTA is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

86.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

88.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

14

89.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

90.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff PASTY ANN BUTTA.

91.     As a result of the aforementioned conduct, plaintiff PASTY ANN BUTTA suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

92.     As a result of the foregoing, plaintiff PASTY ANN BUTTA is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

93.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff PASTY ANN BUTTA.

95.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

96.     As a result of the foregoing, plaintiff PASTY ANN BUTTA is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

97.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, search, and prosecution of plaintiff PASTY ANN BUTTA.

99.     As a result of the foregoing, plaintiff PASTY ANN BUTTA is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

100.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.     Plaintiff PASTY ANN BUTTA'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

102.     As a result of the foregoing, plaintiff PASTY ANN BUTTA is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

16

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

103.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

105.   As a result of the foregoing, plaintiff PASTY ANN BUTTA is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

106.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.   As a result of defendants' conduct, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES were deprived of their right to equal protection of laws.

108.   As a result of the foregoing, plaintiff PASTY ANN BUTTA is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

17

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

109.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.   As a result of defendants' conduct, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES were deprived of their right to security against unreasonable searches, seizures, and interceptions.

111.   As a result of the foregoing, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs PASTY ANN BUTTA and RONALD GONSALVES demand

judgment and pray for the following relief, jointly and severally, against the defendants:

      (A)    full and fair compensatory damages in an amount to be determined by a jury;

      (B)    punitive damages in an amount to be determined by a jury;

      (C)    reasonable attorneys' fees and the costs and disbursements of this action; and

      (D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       September 19, 2011

                    LEVENTHAL & KLEIN, LLP
                    45 Main Street, Suite 230
                    Brooklyn, New York 11201
                    (718) 722-4100

              By:                              
                    BRETT H. KLEIN (BK4744)

                    Attorneys for Plaintiffs PASTY ANN BUTTA and
                    RONALD GONSALVES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

PASTY ANN BUTTA and RONALD GONSALVES,

                          Plaintiffs,

        -against-

CITY OF NEW YORK, ANDREW KINSELLA, CORNELIUS
BUCKLEY, RAYMOND WITTICK, NELVA CENTENO,
MICHAEL RIVERA, STEVEN SPOSITO, PAUL FAZIO,
HENRY CHERNYAVSKY, ROBERT HANSON, GEORGE BOAN
VINCENT ORSINI, JOSEPH RYAN, MICHAEL LOPRESTI,
JOHN BROOKS, SCOTT ZELINSKI, RACHEL CALZARETTA,
and JOHN and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                          Defendants.

-------------------------------------------------------------------------------X

11 CV 2843 (BMC)


## AMENDED COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100